UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACQUELINE WATSON,
    Plaintiff,

v.

WASHINGTON HOSPITAL, et al.,
    Defendants.

Case No. 18-cv-02268-DMR

**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)**

Pro se Plaintiff Jacqueline Watson filed an application for leave to proceed *in forma pauperis* ("IFP"). [Docket No. 3.] On May 21, 2018, the court granted the IFP application, and noted that it would review the complaint in a separate order. [Docket No. 8.] Having considered Ms. Watson's papers, the court finds that the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Ms. Watson must file a first amended complaint that addresses the deficiencies identified in this screening order by **July 13, 2018**.

## I. DISCUSSION

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). As noted, the court granted Ms. Watson's application to proceed IFP.

The court's grant of Ms. Watson's IFP application does not mean that she may continue to prosecute her complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint

by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

Ms. Watson's complaint is difficult to understand. She appears to describe two incidents: first, she alleges that on July 20, 2007, "there was a civil rights violation . . . made on a black women in a hospital." Compl. 1. She alleges that she was over-medicated and could not "talk for [her]self." She further alleges that on April 15, 2018, she was raped in San Francisco. *Id*. She references "the police 5 white men from Fremount [sic] Cal[ifornia]," but the relationship between those individuals and the incidents is unclear. On the second page of her complaint, she alleges the following:

> I'm a black woman and I have a motor vehicle chip in my heart that burns me hot to the bone. It was 5 white Police from Fremount [sic] California that stay at 34 tuckstreet [illegible] in the Dalt Hotel in

> San Francisco, I'm crying and burning in and all over my body, skin, face [illegible].

*Id.* at 2. The complaint contains no other factual allegations. Ms. Watson names three defendants: Washington Hospital, William Dugoni, and Youeff Youeff.

On May 18, 2018, Ms. Watson filed a pleading titled, "Need more time: #1 I need more discovery[,] #2 the money amount is not right[,] #3 civil cover sheet is wrong[,] #4 446 is right American with disbilty." [Docket No. 7.] The 12-page, handwritten document is largely unintelligible and appears to be a detailed description of Ms. Watson's medical conditions as well as various experiences she has had in hospitals. She repeatedly references the year 2007 and the difficulties she has had "for 11 years." *See id.* at ECF pp. 3, 4, 8, 12.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Ms. Watson's complaint does not comply with Rule 8 because it does not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint also fails to state a claim upon which relief can be granted because she does not identify or adequately describe any claim or claims she seeks to bring against the defendants. She does not clearly connect any of the facts alleged in the complaint to any of the defendants, and her supplemental

3

1 pleading does not clarify any of her allegations. In order to comply with Rule 8's pleading requirement, Ms. Watson must amend the complaint to state as clearly as possible the facts giving rise to the complaint. She must also explain why each defendant is being sued by making specific factual allegations that connect each defendant with the alleged wrongdoing, and specifically identifying the claim(s) that she is asserting against each defendant.

To the extent Ms. Watson's complaint is based upon the 2007 "civil rights violation," it may be time-barred, as the incident occurred 11 years ago. Therefore, in order to properly evaluate whether the complaint was timely filed, Ms. Watson must also allege in the amended complaint why she waited until April 16, 2018 to file this lawsuit.

## II. CONCLUSION

For the reasons above, the court finds that the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). Ms. Watson must file a first amended complaint addressing the deficiencies identified in this order by **July 13, 2018.** If she does not file a timely first amended complaint, the court will recommend that her action be dismissed. **The Case Management Conference set for July 18, 2018 is VACATED** and will be re-set by the court at a later date.

The court refers Ms. Watson to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

**IT IS SO ORDERED**.

Dated: June 26, 2018



DONNA M. RYU
United States Magistrate Judge

4